**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JEREMY OSBORNE,                )
                               )
        Plaintiff,        )
                               )
v.                             )    Case No. CIV-15-414-KEW
                               )
EASTAR HEALTH SYSTEMS, L.L.C., )
                               )
        Defendant.        )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Docket Entry #12). Plaintiff alleges in this action that Defendant violated the Americans with Disabilities Act ("ADA"). Defendant alleges that Plaintiff's complaint was untimely.

Plaintiff alleges he was terminated by Defendant on November 25, 2013. Plaintiff attests by affidavit that he submitted a Uniform Intake Questionnaire to the Equal Employment Opportunity Commission ("EEOC") on November 21, 2013 and signed a Charge of Discrimination with the EEOC on December 18, 2013. Plaintiff also pursued a challenge to Defendant's actions with the Oklahoma Office of Civil Rights Enforcement ("OCRE").

On February 10, 2014, Plaintiff faxed a letter to the EEOC investigator requesting an update in the status of his case. On February 21, 2014, Plaintiff received a Pre-Determination Letter from the EEOC by mail which indicated the EEOC was dismissing the charge and issuing a Right to Sue letter. On March 7, 2014, the EEOC mailed a Right to Sue Letter to Plaintiff and Defendant. On March 11, 2014, Defendant received the Right to Sue Letter from the EEOC. Plaintiff asserts he did not receive the letter. On May 7,

2014, the EEOC set a letter to Plaintiff stating that his complaint had been investigated and no further action would be taken. Plaintiff concedes that he received this letter. On October 23, 2015, Plaintiff commenced this action with the filing of a Complaint alleging a violation of the ADA by Defendant. At paragraph 34 of the Complaint, Plaintiff states that the ". . . EEOC did not issue a "Dismissal and Notice of Rights," or "Right to Sue Letter" pursuant to its investigation." Plaintiff contends he did not have any knowledge of the issuance of the Right to Sue Letter until he was advised by his counsel of the same on December 3, 2015.

Title VII, and by extension the ADA, requires that a complaint be filed within ninety days from receipt of the notice of right sue letter from the EEOC; otherwise, the plaintiff is foreclosed from bringing suit based on the allegations in the EEOC charge. See 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1614.407(a). "Compliance with the filing requirements of Title VII [and the ADA] is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995). The ninety day filing requirement is strictly administered. *See* Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447

U.S. 807, 826 (1980), 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"). (Bracketed information added by this Court).

The Tenth Circuit Court of Appeals has expressly determined that the 90 day period for filing this action does not commence until the Right to Sue Letter is actually received by Plaintiff. Jackson v. Continental Cargo, 183 F.3d 1186, 1189-90 (10th Cir. 1999).[1] Defendant contends the EEOC's mailing log indicates the letter was mailed to Plaintiff and, as such, the mailing-time presumption is invoked. Under that presumption, federal courts may presume the letter was received from three to seven days after the letter was mailed. Lozano v. Ashcroft, 258 F.3d 1160, 1165 (10th Cir. 2001). However, this "presumption is rebuttable . . . evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." Witt v. Roadway Exp., 136 F.3d 1424, 1430 (10th Cir.) *cert. denied*, 525 U.S. 881 (1998). The mailing-time presumption taken together with the allegations surrounding Plaintiff's communications with the EEOC and the notification that a Right to Sue Letter was going to be issued creates a factual issue requiring a credibility determination which will be presented to the trier of fact as an interrogatory at trial

---

[1] Plaintiff concedes that the Right to Sue Letter issued by the EEOC is the appropriate document which triggers the 90 day time for filing this action. His attempt to resurrect the argument to the contrary that interaction with the OCRE can begin this period set forth in the surreply is without merit. Rodriguez v. Wet Link, LLC, 603 F.3d 810, 814 (10th Cir. 2010)(receipt of a state agency right to sue letter does not trigger the federal filing period).

or by summary judgment, should the parties uncover additional evidence on this issue in discovery.  Until that time, dismissal is not appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Docket Entry #12) is hereby **DENIED** at this time.

IT IS SO ORDERED this 16th day of September, 2016.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE